IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DOUGLAS EDWARD CRUTCHLEY, SR., )
)
      Plaintiff, )
)
v. ) CV 114-126
)
SOCIAL SECURITY ADMINISTRATION, )
)
      Defendant.[1] )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned case *pro se* on June 2, 2014, seeking an award of social security benefits, (doc. no. 1), and requesting permission to proceed *in forma pauperis* ("IFP") (doc. no. 2). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED**, Plaintiff's complaint be **DISMISSED**, and this civil action be **CLOSED**.

**I. BACKGROUND**

In his complaint, Plaintiff fails to provide the information that is required for this Court to hear his social security claim. Plaintiff asserts that he had two heart attacks in 2011 and after the second his cardiologist told him that he could not return to work in any capacity. (Doc. no. 1, p. 3.) He also lists numerous other medical issues, including sleep apnea, emphysema, high blood pressure, high cholesterol, and arthritis. (Id. at 3-4.) He wants the court to award him social security disability benefits and back pay from the

---
[1] The Court **DIRECTS** the **CLERK** to modify the docket in accordance with the above caption, which is consistent with the complaint. (See doc. no. 1, pp. 1, 2.)

date of his second heart attack in June 2011 because he is no longer able to work due to his medical problems. (Id. at 5.) However, Plaintiff does not allege that he ever applied for social security benefits and received an adverse ruling by the Acting Commissioner of Social Security.

**II.   DISCUSSION**

"An application for disability benefits, for example, follows an intricate path of administrative process before it can be reviewed by a federal court." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260-61 (11th Cir. 2007). As a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters. See 42 U.S.C. § 405(h); See United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1104 (11th Cir. 1998); Califano v. Sanders, 430 U.S. 99, 105-07 (1977).

Pursuant to § 405(g), this Court has jurisdiction over social security cases only when there has been: 1) a final decision made by the Acting Commissioner after a hearing, 2) the commencement of a civil action within sixty days of the mailing of notice of the Acting Commissioner's decision, and 3) the filing of the action in an appropriate district court. Weinberger, 422 U.S. at 763. Because Plaintiff fails to identify any decision of the Acting Commissioner that was final for the purpose of judicial review under § 405(g), Plaintiff has not met the prerequisites for judicial review and his case must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **GRANTED**, Plaintiff's complaint be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of July, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA